# United States Court of Appeals
# for the Fifth Circuit

————————

No. 19-20616

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2025

Lyle W. Cayce
Clerk

IN THE MATTER OF IMPERIAL PETROLEUM RECOVERY
CORPORATION

*Debtor*,

THOMAS BALKE; TEBJES, INCORPORATED; ULTRAWAVE
TECHNOLOGY FOR EMULSION CONTROL,

*Appellants*,

*versus*

DON B. CARMICHAEL; KK & PK FAMILY, L.P.; BARRY D.
WINSTON; GARY EMMOTT,

*Appellees*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-313

————————————————————

Before DENNIS, RICHMAN, and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 19-20616

Don B. Carmichael and other creditors (Carmichael Creditors) of Imperial Petroleum Recovery Corporation (Imperial Petroleum) initiated an adversary proceeding against Thomas Balke and other unsecured creditors (Balke Creditors) of Imperial Petroleum.  After the Balke Creditors appealed to the district court and filed a designation of the record on appeal, the bankruptcy court granted the Carmichael Creditors' motion to strike certain items that were not entered into evidence during the adversary-proceeding trial.  In this case, the Balke Creditors argue that was improper.  Because subsequent proceedings mooted this issue, we dismiss the appeal.

**I**

The Carmichael Creditors—Don Carmichael; KK & PK Family, L.P.; Barry Winston; and Gary Emmott—are shareholders and secured creditors of Imperial Petroleum.  In 2013, the Carmichael Creditors filed an involuntary bankruptcy proceeding against Imperial Petroleum.  In exchange for partial release of those claims, Imperial Petroleum's assets were assigned to the Carmichael Creditors.

After the assignment, the Carmichael Creditors initiated an adversary proceeding against the Balke Creditors—Thomas Balke, TEBJES, and Ultrawave Technology for Emulsion Control—alleging that they had violated the automatic stay by converting Imperial Petroleum's equipment.  After a twenty-four-day trial, the bankruptcy court issued Findings of Fact and Conclusions of Law.  The court held that the Balke Creditors had violated the automatic stay and ordered them to pay $1.96 million in actual damages to the Carmichael Creditors.

The Balke Creditors moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  The bankruptcy court dismissed the motion because the Balke Creditors failed to comply with the court's local rules. The Balke Creditors then appealed the bankruptcy court's Findings of

Fact and Conclusions of Law, nine related orders, and the order dismissing the Rule 59(e) motion.

The Balke Creditors filed a designation of the record on appeal. In response, the Carmichael Creditors moved in the bankruptcy court to strike certain items from the designation of record on appeal pursuant to Federal Rule of Bankruptcy Procedure 8009(e)(1). After a hearing, the bankruptcy court granted in part the Carmichael Creditors' motion to strike. The Balke Creditors appealed.

The Carmichael Creditors then filed a motion in the district court to bifurcate the appeal of the Findings of Fact and Conclusions of Law and nine related orders from the appeal of the order granting the motion to strike. The district court granted the motion. After bifurcation, the district court affirmed the bankruptcy court's order to strike the contested items. This appeal concerns the order granting the motion to strike.

In 2020, while this appeal was pending, the district court remanded the first appeal concerning the Rule 59(e) motion for the bankruptcy court to consider the motion's merits.[1] After a five-day proceeding, the bankruptcy court amended its judgment, affording the Balke Creditors substantial relief.[2] In 2023, in the ensuing appeal, a different panel of this court affirmed that judgment in part, vacated it in part, and remanded to the bankruptcy court to reconsider the damages award.[3]

---

[1] *In re Imperial Petroleum Recovery Corp.*, No. 21-2904, 2022 WL 2806456, at *3 (S.D. Tex. July 18, 2022), *aff'd in part, vacated in part, remanded*, 84 F.4th 264 (5th Cir. 2023) (per curiam).

[2] *In re Imperial Petroleum Recovery Corp.*, 84 F.4th at 269.

[3] *Id.* at 274.

No. 19-20616

## II

The Carmichael Creditors filed a Rule 28(j) letter in the appeal before this panel suggesting that the bankruptcy court's amended judgment mooted the motion-to-strike issue.  Because both sides appealed that amended judgment, they argued, a new appellate record would be created, superseding the record on appeal at issue in this case.  Indeed, both parties discussed the record issue pertinent to this appeal in their briefing on appeal from the amended judgment.  Another panel has since rendered a decision in that appeal.[4]

"A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."[5]  Because the underlying issues in this case have been litigated in a separate appeal, no party stands to gain from this appeal—one that concerned a contingent issue stemming from the pre-amended judgment.  Because we cannot grant effectual relief, this appeal is moot.

\*     \*     \*

For the foregoing reasons, we DISMISS this appeal.

---

[4] *Id.*

[5] *Gulfport Energy Corp. v. FERC*, 41 F.4th 667, 680 (5th Cir. 2022) (alterations in original) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)).